UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
THE PHOENIX INSURANCE COMPANY,

                      Plaintiff,

-against-

HUDSON EXCESS INSURANCE COMPANY,

                      Defendant.
-------------------------------------------------------------------X

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, Phoenix Insurance Company ("Travelers"), by its attorneys, Keane and Associates, as and for its Complaint for Declaratory Judgment against Defendant, Hudson Excess Insurance Company ("Hudson") alleges upon information and belief as follows:

### Nature of the Action

1. In this action, Travelers seeks a declaration that Hudson is obligated to defend and to indemnify Nucor Construction Corp. ("Nucor"), The Estee Lauder Companies Inc. ("Estee"), Aramis, Inc. ("Aramis"), Sub 412 Associates LLC ("Sub 412"), and 2398 Realty Associates ("2398 Realty") (collectively the "Tendering Defendants"), in connection with underlying actions asserting claims for bodily injury and related losses allegedly sustained by the underlying plaintiff, Juan Fernandez (the "Claimant").

### Parties

2. At all times relevant hereto, Travelers was and is a Connecticut corporation duly licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

3. Upon information and belief, at all times relevant hereto, Hudson is a Delaware corporation with a principal place of business in New York.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. Section 1332 and 28 U.S.C. Section 2201.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

6. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Hudson.

7. Travelers has no adequate remedy at law.

## Insurance Policies

8. Travelers issued to Nucor a policy of Commercial General Liability insurance bearing policy number DT1N-CO-2H169545-PHX-17 with effective dates of 06/13/2017 to 06/13/2018 (the "Travelers Policy").

9. The Travelers Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

10. The Travelers Policy contains excess "other insurance" clauses that provide that coverage under the Travelers Policy is excess over any other coverage available where added as an additional insured.

11. Defendant Hudson issued to Anfield Interiors ("Anfield") a Commercial General Liability Policy bearing policy number HXMP100963 with effective dates of 04/20/2017 to 04/20/2018 which was in full force and effect at all times relevant (the "Hudson Policy").

12. Upon information and belief, the Hudson Policy generally provides coverage for bodily injury that takes place during the policy period and is caused by an accident.

13. By endorsement, the Hudson Policy provides in pertinent part as follows:

A. Section II - **Who Is An Insured** is amended to include as an additional insured:

> 1. Any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy; and
>
> 2. Any other person or organization you are required to add as an additional insured under the contract or agreement described in Paragraph 1. above.
>
> Such person(s) or organization(s) is an additional insured only with respect to liability for "bodily injury", "property damage", or "personal or advertising injury", caused, in whole or in part, by:
>
> 1. Your acts or omissions; or
>
> 2. The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured. . . .

## Background Facts

14. On or about June 25, 2017, Nucor and Estee entered into an AIA contract in connection with a renovation project to the 6th floor of 415 W 13th St, New York, NY wherein Nucor was to serve as the general contractor (the "General Contract").

15. Thereafter, Nucor and Anfield entered into a General Services Contract, effective April 1, 2015 to April 1, 2018, in connection with a renovation project to the 6th floor of 415 W 13th St, New York, NY (the "General Services Contract").

16. In Article 5, the General Services Contract provides the following:

> **Additional Insureds:** The following are included as additional insureds (Endorsement ISO Form B, CG2010 11/85 (or equivalent, see below) - "your work"; "ongoing operations" is not acceptable) as respects General Liability, Auto and Umbrella Policies: Nucor Construction Corp., Owner, and their directors, officers, employees and affiliates.
>
> ***

**Primary Insurance:** As respects General Liability, Business Automobile and Umbrella Liability, policies have been endorsed and stipulate that this insurance is primary, for all additional insureds; and any other insurance or self-insurance maintained by Nucor Construction Corp., and any other additional insured et al, shall be excess only and shall not be called upon to contribute with this insurance.

17. At all times relevant, Sub 412 and 2398 Realty owned 415 W 13th St, New York, NY (the "Location").

18. At all times relevant, Aramis and Estee owned the renovation project at the Location.

19. At all times relevant, Aramis was an affiliated company to Estee.

20. At all times relevant, Nucor was the general contractor for the renovation project at the Location.

21. The Claimant was allegedly at the Location performing work when he was injured by the collapse of a temporary suspended ceiling (the "Incident").

22. Anfield was responsible for installation of the temporary ceiling which allegedly fell and caused the Claimant's injuries.

23. The Claimant has asserted claims in two lawsuits against the Tort Defendants, among others: *Juan Fernandez v. The Estee Lauder Companies, Inc*., Supreme Court of the State of New York, County of New York, Index No. 156054/2020; and *Juan Fernandez v. Sub 412 Associates, LLC, et al*, Supreme Court of the State of New York, County of New York, Index No. 161024/2017 (collectively the "Underlying Actions").

24. In the Underlying Actions, the Claimant alleges, *inter alia*, that he sustained injuries as a result of the work at the Location.

25. Travelers is defending one or more of the Tort Defendants in the Underlying Actions.

26. In the Underlying Actions, the Claimant seeks to impose liability on the Tort Defendants for alleged bodily injury which was caused in whole or in part by the acts or omissions of Anfield.

### Tender to Hudson

29. The Tort Defendants qualify as additional insureds under the Hudson Policy.

30. By correspondence dated October 18, 2017, Travelers timely tendered the defense and indemnification of the Tort Defendants to Anfield and Norguard Insurance Company ("Norguard") on the belief that Norguard was Anfield's insurer.

31. By correspondence dated February 22, 2018, Travelers again tendered the defense and indemnification of the Tort Defendants to Anfield and Norguard.

31. On or by March 5, 2018, Travelers was contacted by Hudson, indicating that Hudson had received the February 22, 2018 letter addressed to Norguard.

32. On March 6, 2018, Travelers provided supplemental materials to Hudson in the continued tender of the defense and indemnification of the Tort Defendants as to the Underlying Actions.

31. Despite repeated requests, Hudson has nonetheless failed and refused to provide reimbursement for defense costs or assume the Tort Defendants' defense in connection with the Underlying Actions.

32. Accordingly, Travelers seeks a declaration that Hudson has an obligation to defend and indemnify the Tort Defendants as additional insureds; that the coverage provided by the Hudson Policy is primary; and that the obligations of Travelers to the Tort Defendants in the Underlying Actions, if any, are excess to proper exhaustion and full payment of the limits of the Hudson Policy.

27. In addition, Travelers seeks an award at law and in equity against Hudson for recovery of all sums Travelers has incurred and continues to incur in the defense of the Tort Defendants in the Underlying Actions because the coverages provided by the Hudson Policy are primary to any coverage provided by Travelers.

## Claim for Declaratory Relief

Wherefore, Plaintiff Travelers respectfully requests that this Honorable Court issue a judgment as follows:

1. Declaring that the Hudson Policy were in full force and effect on the date of the alleged accident.

2. Declaring that all terms and conditions of the Hudson Policy have been complied with and met.

3. Declaring that the alleged incident and Underlying Actions fall within the coverage afforded by the Hudson Policy.

4. Declaring that Defendant Hudson owes a duty to defend the Tort Defendants in connection with the Underlying Actions.

5. Declaring that Defendant Hudson owes a duty to indemnify the Tort Defendants in connection with the Underlying Actions.

6. Declaring that Defendant Hudson's coverage obligations under the Hudson Policy to the Tort Defendants in connection with the Underlying Actions are primary.

7. Declaring that Plaintiff Travelers' coverage obligations under the Travelers Policy are excess to those of Defendant Hudson with respect to the Underlying Actions.

8.  Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Hudson with respect to Hudson's duty to defend and to indemnify the Tort Defendants in connection with the Underlying Actions.

9.  Granting an award in favor of Plaintiff Travelers against Defendant Hudson for all sums Travelers has paid in defending the Tort Defendants as to the Underlying Actions.

10. Granting such other and further relief as the Court may deem just and proper.

Dated: Hartford, Connecticut
May 18, 2021

RESPECTFULLY SUBMITTED:

PLAINTIFF
The Travelers Indemnity Company

By: ___/s/Meg R. Reid_____
Meg R. Reid (#4858510)
KEANE AND ASSOCIATES
Attorneys for Plaintiff
Main: 917-778-6680
Fax: 844-571-3789
Email: mrreid@travelers.com

Please address all correspondence sent by mail to:
P.O. Box 2996
Hartford, CT 06104-2996

Physical Address:
485 Lexington Avenue, 6th Floor
New York NY 10017